C.J. VEVERKA (USB No. A7110)
cveverka@wnlaw.com
CHAD E. NYDEGGER (USB No. 9964)
cnydegger@wnlaw.com
WORKMAN NYDEGGER
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, UT 84111
Telephone: (801) 533-9800
Facsimile: (801) 328-1707

Attorneys for Plaintiffs
CAMPBELL SCIENTIFIC, INC.
IRRISOFT, INC.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CAMPBELL SCIENTIFIC, INC., and IRRISOFT, INC.<br><br>Plaintiffs,<br><br>v.<br><br>INVESTMENT SIGNALS, LLC,<br><br>Defendant. | Civil Action No. 1:10-cv-00006-DAK<br><br>**DECLARATORY JUDGMENT COMPLAINT WITH DEMAND FOR JURY TRIAL**<br><br>**Judge Dale A. Kimball** |

Plaintiffs, Campbell Scientific, Inc. and Irrisoft, Inc., complain and allege against Defendant, Investment Signals, LLC, as follows:

## THE PARTIES

1. Plaintiff Campbell Scientific, Inc. is a Utah corporation having a principal place of business at 815 West 1800 North, Logan, Utah 84321.

2. Plaintiff Irrisoft, Inc. is a Utah corporation having a principal place of business at 815 West 1800 North, Logan, Utah 84321, and is a subsidiary of Campbell Scientific.

3. On information and belief, Defendant Investment Signals, LLC is a New Hampshire corporation, with a place of business at 13 Village Drive, Atkinson, New Hampshire 03811.

## JURISDICTION AND VENUE

4. This is a Declaratory Judgment action brought by Plaintiffs pursuant to 28 U.S.C. §§ 2201 and 2202 seeking a declaration that the Plaintiffs do not infringe U.S. Patent Nos. 6,675,098 (referred to hereafter as "the '098 patent")(attached as Exhibit A) and 6,343,255 (referred to hereafter as "the '255 patent") (attached as Exhibit B) (collectively referred to hereafter as "the Peek Patents"), and/or that the claims of the Peek Patents are invalid. Investment Signals purports to be the owner of all rights, title and interests in and to the Peek Patents. Defendant has raised a reasonable apprehension of the filing of a lawsuit against Plaintiffs, resulting in the establishment of a case or controversy between the parties relating to the Peek Patents as set forth below. Accordingly, this action arises under the patent laws of the United States, including 35 U.S.C. §§ 271, 281, and 283-85.

5. This Court has jurisdiction pursuant to the provisions of 28 U.S.C. §§ 1331 and 1338(a), 2201, and 2202.

6. On information and belief, Defendant has transacted business with Plaintiffs in Utah and otherwise purposely availed itself of the privileges and benefits of the laws of the state of Utah, including, but not limited to, sending written communications to Plaintiffs in Utah

alleging infringement of the Peek Patents and threatening related legal actions. Defendant is, therefore, subject to the jurisdiction of this Court pursuant to Utah Code Ann. § 78-27-24.

7. Venue is proper in this district pursuant to 28 U.S.C. §§ 1400(b) and 1391.

## BACKGROUND

8. Organized in 1974, plaintiff Campbell Scientific has been designing and manufacturing innovative dataloggers, data acquisition systems, and measurement and control products used worldwide in research and industry for over thirty years.

9. Campbell Scientific has grown to now employ over two-hundred individuals at its corporate offices and factory in Logan, Utah.

10. One of the applications for the dataloggers, data acquisition systems, and measurement and control products designed and manufactured by Campbell Scientific is to measure wind speed and direction, precipitation, barometric pressure, temperature (air, water, and soil), soil moisture, relative humidity, solar radiation, and other parameters to supply data for agricultural watering systems.

11. Plaintiff Irrisoft is a subsidiary of Campbell Scientific dedicated to marketing, selling, and supporting products relating to weather, irrigation, and other applications.

12. On December 30, 2009, Defendant Investment Signals, by and through its counsel, Steven M. Evans of Flachsbart & Greenspoon, LLC, sent a letter to Irrisoft, Inc. (attached hereto as Exhibit C) charging that Irrisoft's Weather Management System (hereinafter "WMS") working in combination with Campbell Scientific weather stations, infringes the claims of the '255 and '098 patents, including a claim chart setting forth Defendant's specific

3

allegations of infringement with regard to claim 1 of the '255 patent and claim 4 of the '098 patent.

**FIRST CLAIM FOR RELIEF**

**Declaratory Judgment of No Infringement by Plaintiffs
of Any Claim of the '098 Patent**

13. Plaintiffs restate, reallege and incorporate by reference the allegations contained in paragraphs 1 through 12 of this Complaint as if fully set forth herein.

14. Plaintiffs have not infringed, do not infringe, have not induced others to infringe, and do not contribute to the infringement, directly or indirectly, of any valid claim of the '098 patent.

15. The acts described in the foregoing paragraphs create a substantial controversy of sufficient immediacy and reality to warrant a finding of declaratory judgment of no infringement of any claim of the '098 patent.

WHEREFORE, Plaintiffs pray for judgment as set forth hereinafter.

**SECOND CLAIM FOR RELIEF**

**Declaratory Judgment of No Infringement by Plaintiffs
of Any Claim of the '255 Patent**

16. Plaintiffs restate, reallege and incorporate by reference the allegations contained in paragraphs 1 through 15 of this Complaint as if fully set forth herein.

17. Plaintiffs have not infringed, do not infringe, have not induced others to infringe, and do not contribute to the infringement, directly or indirectly, of any valid claim of the '255 patent.

18. The acts described in the foregoing paragraphs create a substantial controversy of sufficient immediacy and reality to warrant a finding of declaratory judgment of no infringement of any claim of the '255 patent.

WHEREFORE, Plaintiffs pray for judgment as set forth hereinafter.

### THIRD CLAIM FOR RELIEF

**Declaratory Judgment of Invalidity
of the Claims of the '098 Patent**

19. Plaintiffs restate, reallege and incorporate by reference the allegations contained in paragraphs 1 through 18 of this Complaint as if fully set forth herein.

20. The claims of the '098 patent are invalid for failure to comply with the conditions of patentability set forth in 35 U.S.C., including Sections 101, 102, 103 and 112.

21. The acts described in the foregoing paragraphs create a substantial controversy of sufficient immediacy and reality to warrant a finding of declaratory judgment of invalidity of each claim of the '098 patent.

WHEREFORE, Plaintiffs pray for judgment as set forth hereinafter.

### FOURTH CLAIM FOR RELIEF

**Declaratory Judgment of Invalidity
of the Claims of the '255 Patent**

22. Plaintiffs restate, reallege and incorporate by reference the allegations contained in paragraphs 1 through 21 of this Complaint as if fully set forth herein.

23. The claims of the '255 patent are invalid for failure to comply with the conditions of patentability set forth in 35 U.S.C., including Sections 101, 102, 103 and 112.

24. The acts described in the foregoing paragraphs create a substantial controversy of sufficient immediacy and reality to warrant a finding of declaratory judgment of invalidity of each claim of the '255 patent.

WHEREFORE, Plaintiffs pray for judgment as set forth hereinafter.

## FIFTH CLAIM FOR RELIEF

### Estoppel

25. Plaintiffs restate, reallege and incorporate by reference the allegations contained in paragraphs 1 through 24 of this Complaint as if fully set forth herein.

26. Defendant knew or should have known of its claims of alleged infringement of the claims of the '255 patent at least as early as February 15, 2002. On February 15, 2002, S. Christopher Peek, Chairman and Executive Advisor of Defendant and co-inventor of the '255 patent (hereafter referred to as "Mr. Peek"), sent a letter to Campbell Scientific regarding the '255 patent (attached as Exhibit D). That letter states in part:

> Historical data is often lost because of computer failure or user errors occur. Our approach to this problem is to provide an ASP service that substitutes an IT managed server and database for the user's personal computer operation. This is all covered by the enclosed patent # 6,343,255. A continuation in part has been submitted that will broaden the claims to include remote equipment monitoring. . . . I note in your recent "Campbell Update", that you plan to use the CDPD Air Link modem to transmit data from your data loggers or weather stations to servers or computers. . . . The purpose of this letter is to suggest a personal meeting, during which we could discuss a way that Campbell could purchase or obtain exclusive license rights to our intellectual property.

27. Paul D. Campbell, President of Campbell Scientific (hereafter referred to as "Mr. Campbell"), responded to that letter on February 28, 2002, declining Mr. Peek's offer.

28. Two years later, on March 1, 2004, Mr. Peek again wrote to Mr. Campbell offering to sell intellectual property to Campbell Scientific (attached as Exhibit E). Mr. Peeks wrote:

> The main purpose of this letter is to inform you that a continuation in part on our previous patent # 6,343,255 was issued on January 6, 2004. It has been assigned the number 6,675,098 and is enclosed. The continuation in part broadens the patent to include a method and system for monitoring equipments such as soil moisture sensing. Note independent claims 1 and 4 and the diagram labeled Fig. 14.

29. Mr. Campbell responded to that letter on March 12, 2004, with a letter declining Mr. Peeks' offer (attached as Exhibit F). Mr. Campbell also denied any infringement of the Peek patents:

> I would like to clear up the question of whether Campbell Scientific is infringing. I have enclosed a copy of a 1998 publication about Campbell Scientific LoggerNet that I think is relevant to my previous assertion regarding Campbell Scientific's history of independent network development. After you review it, please let me know your feeling about whether there is infringement on the basis of using the CDPD Air Link modem. The Air Link modems we began using in 2000 may be substituted in place of the RF232T and RF95T modems shown in the diagram on the last page.

30. Mr. Peek responded with a letter on March 25, 2004, (attached as Exhibit G) wherein Mr. Peek again attempted to sell the Peek patents, but did not address Mr. Campbell's position that Campbell Scientific did not infringe the Peek Patents.

31. Mr. Campbell responded by letter on April 9, 2004, (attached as Exhibit H), stating that his position had not changed.

32. Mr. Peek wrote a final letter dated April 29, 2004, (attached as Exhibit I) seeking a personal meeting with Mr. Campbell. Mr. Peek, however, again did not address Mr. Campbell's position that Campbell Scientific did not infringe the Peek patents.

33. On February 27, 2006, counsel for Defendant wrote a letter (attached as Exhibit J) to Campbell Scientific expressly accusing Campbell Scientific of infringing one or more claims of the Peek Patents. This letter also raises the specter of treble damages that may be recovered under 35 U.S.C. §§ 284 and 285 "where there has been intentional infringement of a patent following receipt of notice of the Patent." The letter also threatened that "Campbell customers who use an infringing device are also liable for patent infringement pursuant to 35 United States Code § 271(a)." The letter concluded by inviting Campbell Scientific to identify "design elements of the Campbell devices which cause those devices to fall outside the claims of the [Peek] Patents[.]"

34. In response to this letter accusing Campbell Scientific of infringing the Peek Patents, counsel for Campbell Scientific responded by letter dated March 23, 2006 (attached as Exhibit K). Campbell Scientific denied Defendant's general allegations of infringement contained in the February 27, 2006 letter, denied the offer to license the Peek Patents, and invited Defendant to provide specific allegations of infringement of the Peek Patents if Defendant believed that any particular Campbell Scientific product infringed any specific claim of the Peek Patents.

35. Campbell Scientific did not receive any response from Defendant or its counsel for almost four years, when it received the letter from new counsel for Defendant dated December 31, 2009, discussed above. Defendant's course of conduct and silence for almost four years, in addition to its long interludes of silence between earlier allegations of infringement, constitute implicit but strong acknowledgement by Defendant that Campbell Scientific was and

is free to continue manufacturing and selling its products without fear of incurring damages due to infringement of the Peek Patents.

36. Plaintiffs relied on this acknowledgement by Defendant that their products did not infringe the Peek Patents by continuing to manufacture, market, sell and otherwise grow their business related to the accused products during the periods of Defendant's silence, which reliance was reasonable.

37. Defendant is estopped from maintaining any claim against Plaintiffs or any of its officers, employees or customers for damages due to infringement of the claims of the Peek Patents arising from the manufacture, use, sell or exportation of Plaintiffs' products.

38. Plaintiffs are entitled to the Court's declaration that Defendant is estopped from maintaining any claim against Plaintiff or any of its officers, agents, employees or customers for damages due to infringement of the claims of the Peek Patents arising from the manufacture, use, sell or exportation of Plaintiffs' products.

WHEREFORE, Plaintiffs pray for judgment as set forth hereinafter.

### SIXTH CLAIM FOR RELIEF

**Laches**

39. Plaintiffs restate, reallege and incorporate by reference the allegations contained in paragraphs 1 through 38 of this claim as if fully set forth herein.

40. Defendant knew or should have known that Plaintiffs and Plaintiff's customers were making, using and/or selling the products Defendant has accused of infringing the claims of the Peek Patents for a number of years, as set forth above.

41. Defendant's delay in raising its latest allegations is unreasonable and would be prejudicial to Plaintiffs as they and their customers have made, used and sold the accused products during Defendant's delay.

42. Plaintiffs are entitled to the Court's declaration that Defendant is barred by the doctrine of laches from recovering damages due to alleged infringement of any claim of the Peek Patents by any product manufactured or sold by Plaintiffs.

WHEREFORE, Plaintiffs pray for judgment as set forth hereinafter.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for the following relief:

1. For a declaratory judgment that Plaintiffs' products do not infringe any claim of U.S. Patent No. 6,675,098;

2. For a declaratory judgment that Plaintiffs' products do not infringe any claim of U.S. Patent No. 6,343,255;

3. For a declaratory judgment that the claims of U.S. Patent No. 6,675,098 are invalid;

4. For a declaratory judgment that the claims of U.S. Patent No. 6,343,255 are invalid;

5. For a declaratory judgment that Defendant is estopped from maintaining any claim against Plaintiffs or any of their officers, agents or employees for damages arising from any act of alleged infringement of U.S. Patent No. 6,675,098;

6. For a declaratory judgment that Defendant is estopped from maintaining any claim against Plaintiffs or any of their officers, agents or employees for damages arising from any act of alleged infringement of U.S. Patent No. 6,343,255;

7. For a declaratory judgment that Defendant is barred by laches from recovering damages for any claim against Plaintiffs or any of their officers, agents or employees for damages arising from any act of alleged infringement of U.S. Patent No. 6,675,098;

8. For a declaratory judgment that Defendant is barred by laches from recovering damages for any claim against Plaintiffs or any of their officers, agents or employees for damages arising from any act of alleged infringement of U.S. Patent No. 6,343,255;

9. An Order from this Court preliminarily and permanently enjoining Defendant, its agents and servants, and any and all parties acting in concert with any of them from alleged that Plaintiffs infringe any valid claim of U.S. Patent Nos. 6,343,255 and/or 6,675,098.

10. That this be declared an exceptional case and that Plaintiffs be awarded their attorneys' fees against Defendant pursuant to 35 U.S.C. § 285; and

11. For such other and further relief as the Court in its discretion deems appropriate.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues triable to a jury as a matter of right.

DATED this 26th day of January, 2010.

                              WORKMAN NYDEGGER

                              By:   /s/ C.J. Veverka
                                   C.J. Veverka
                                   Chad E. Nydegger

                              Attorneys for Plaintiffs
                              CAMPBELL SCIENTIFIC, INC.
                              IRRISOFT, INC.

2704240_1.DOC